## Prisoners Under Sentence of Death.

*Criminal law — Custody of prisoners — Respite by Governor — Act of June 19, 1913.*

1. Convicts under sentence of death, delivered to the custody of the Warden of the Western Penitentiary under the provisions of the Act of June 19, 1913, P. L. 528, cannot be lawfully returned to the counties from which they came upon a respite granted by the Governor.

2. A respite by the Governor cannot be construed as a lawful discharge from custody within the meaning of the act.

Attorney-General's Department. Opinion to Hon. John Francies, Warden of Western Penitentiary.

COLLINS, Dep. Att'y-Gen., Aug. 2, 1922.—This department is in receipt of your communication of the 24th ultimo, asking to be advised whether, after persons convicted of murder and sentenced to death have been delivered into the custody of the Warden of the Western Penitentiary, and the Governor grants a respite, such convicts should "be returned to the counties from whence they came by the officials who brought them to the penitentiary until such time as further action is taken by the Governor." It appears that your inquiry is occasioned by the fact that the guarding of these respited prisoners necessitates withdrawing officers from their regular duties and that the institution is short of officers, as well as the fact that the cells in the electrocution building are limited in number.

The question submitted by you arises under the Act of June 19, 1913, P. L. 528, "fixing the penalty for murder in the first degree," etc. Section 2 of this act directs the clerk of the court in which a person shall have been convicted of murder and sentenced to death to transmit to the Governor a complete record of the case, and section 3 directs the Governor, upon receipt of this record, to issue his warrant, directed to the Warden of the Western Penitentiary, commanding him to cause such convict to be executed within the week named in the warrant in the manner prescribed by the act.

Section 4 of the act reads as follows: "Upon the receipt of such warrant, the said warden shall, by a written notice under his hand and seal, duly notify the officer having the custody of such convict to deliver such convict to the custody of such warden, and it shall be the duty of such officer to forthwith cause such delivery to be made. Thereupon, and until the penalty of death shall be inflicted, or until lawfully discharged from such custody, said convict shall be kept in solitary confinement in said penitentiary. During such confinement no person, except the officers of such penitentiary, the counsel of such convict, and a spiritual adviser selected by such convict, or the members of the immediate family of such convict, shall be allowed access to such convict without an order of said court or a judge thereof."

The language of the provision contained in this section bearing upon the point raised in your communication is so plain as to render the answer to your question altogether free from doubt. Once the convict is delivered into the custody of the Warden of the Western Penitentiary, pursuant to the provisions of the act, such convict must be kept in the said penitentiary "until the death penalty shall be inflicted or until lawfully discharged from such custody." A staying of the execution by the Governor does not constitute a discharge from or in any way affect the custody with which the warden is charged, or operate to change the place of confinement during the time a respite may run. We must assume that had the act intended that, upon a respite by the Governor, the convict should be returned to the county from which received or be delivered to other custody, there would have been a spe-

2 D. & C.

cific provision to that effect, and in its absence we must conclude that it is not so intended. The act is one whose requirements must be strictly observed. I understand that the ruling hereby made is in conformity with the practice heretofore followed.

You are, therefore, advised that convicts delivered to the custody of the Warden of the Western Penitentiary under the provisions of the aforesaid act cannot lawfully be returned to the custody from which they were received by the warden upon a respite granted by the Governor, the custody imposed by the act upon the warden and the manner and place of confinement not being affected thereby.

From Guy H. Davies, Harrisburg, Pa.